**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4427**

———————

UNITED STATES OF AMERICA,

                 Plaintiff – Appellee,

     v.

SHAUN XAVIER STALLINGS,

                 Defendant – Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Martin K. Reidinger, District Judge. (3:09-CR-00069-MR-1)

———————

Submitted: December 21, 2010      Decided: January 3, 2011

———————

Before NIEMEYER and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Richard H. Tomberlin, TOMBERLIN LAW OFFICE, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Shaun Xavier Stallings of conspiracy to distribute and to possess with intent to distribute marijuana, 21 U.S.C. §§ 841(a), 846, 851 (2006), and conspiracy to commit money laundering, 18 U.S.C. § 1956(h) (2006). He was sentenced to seventy-two months' imprisonment. His counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal, but positing general challenges to Stallings' convictions and sentence. Although informed of his right to do so, Stallings has not filed a pro se supplemental brief. The Government declined to file a response. We affirm.

A jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); see United States v. Perkins, 470 F.3d 150, 160 (4th Cir. 2006). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005) (internal quotation marks omitted). We consider both circumstantial and direct evidence, drawing all reasonable inferences from such evidence in the Government's favor. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). In

2

resolving issues of substantial evidence, we do not reassess the factfinder's determination of witness credibility, see United States v. Brooks, 524 F.3d 549, 563 (4th Cir. 2008), and "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc) (internal quotation marks omitted). We have reviewed the transcript of the jury trial and the evidence introduced at that trial and conclude that there is sufficient evidence to support Stallings' convictions.

We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. This court must assess whether the district court properly calculated the Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). An extensive explanation is not required as long as the appellate court is satisfied "'that [the district court] has considered the parties' arguments and has a reasoned

3

basis for exercising [its] own legal decisionmaking authority.'" United States v. Engle, 592 F.3d 495, 500 (4th Cir.) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)), cert. denied, 131 S. Ct. 165 (2010). We must then consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. Because the district court imposed a within-Guidelines sentence, we presume the sentence is reasonable. See United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). Stallings has not rebutted that presumption on appeal. See United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). We conclude the sentence was both procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the record in this case and conclude there are no meritorious issues for appeal. We therefore affirm Stallings' convictions and sentence. This court requires that counsel inform Stallings, in writing, of the right to petition the Supreme Court of the United States for further review. If Stallings requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Stallings. We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
